# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN DYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV2105RWS |
| | ) | |
| DON BLANKENSHIP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Kevin Dyer filed this lawsuit against Defendants Don Blankenship, William Scott Jones, City of Doolittle, Missouri, Greg Curtis and Michael Kirn for violations of 42 U.S.C. § 1983 and the Missouri Wrongful Death Statute, concerning the death of Keith Robert Dyer. Defendants moved to dismiss Kevin Dyer on the basis that he lacks standing to pursue claims for wrongful death because only Keith Dyer's father, Darrell Dyer, may bring these claims. In response, Kevin Dyer has moved the Court for leave to amend his Complaint, adding Darrell Dyer as plaintiff for the claims for which Kevin Dyer lacks standing and adding an additional count.

Because leave to amend shall be freely granted, I will grant Kevin Dyer's motion to amend his Complaint. I will strike, pursuant to Rule 12(f), however,

paragraphs 78, 96 and 105 which claim Kevin Dyer is within the statutory class of beneficiaries entitled to bring a wrongful death claim.

*Background*

On December 26, 2007, Kevin Dyer, along with Colleen Kean, as personal representative of Keith Dyer, filed this lawsuit against Don Blankenship, William Scott Jones, City of Doolittle, Missouri, Greg Curtis and Michael Kirn for violations of 42 U.S.C. § 1983 and the Missouri Wrongful Death Statute, concerning the death of Keith Dyer on October 7, 2006. On November 12, 2008, this Court dismissed Keith Dyer's claims.

After Defendants sought to dismiss Kevin Dyer on the basis that he, as Keith Dyer's brother, lacks standing to pursue claims for wrongful death because only Keith Dyer's father, Darrell Dyer, may bring them, Kevin Dyer has moved the Court for leave to amend his Complaint, adding Darrell Dyer as plaintiff for the claims for which Kevin Dyer lacks standing and adding an additional count for the deprivation of his own constitutional rights by Defendants.

*Discussion*

Under Rule 15(a) of the Federal Rules of Civil Procedure, a court should freely grant parties leave to amend their pleadings when justice requires. "[D]enial of leave to amend a pleading is appropriate only in those limited

circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir. 2001).

Defendants argue that they will be unfairly prejudiced if Kevin Dyer is granted leave to add Count IX, which alleges a deprivation of Kevin Dyer's constitutional rights. They argue that the claims could have been brought at the time the Complaint was originally filed in December 2007. Defendants do not allege that the statute of limitations has run on Kevin Dyer's claims, however. Because it appears to the Court that Kevin Dyer could bring his claim in a separate lawsuit, I do not believe Defendants will be unfairly prejudiced by allowing Kevin Dyer to amend his Complaint to add Count IX or that circumstances of undue delay exist.

Defendants also argue that the Court should not allow Kevin Dyer to amend the Complaint to include paragraphs 78, 96 and 105, which state "Kevin Dyer is the surviving brother of Mr. Dyer and is within the statutory class of beneficiaries entitled to bring this wrongful death claim." Rule 12(f) permits the Court to strike an redundant, immaterial, impertinent, or scandalous matter from a pleading. In his memorandum in support of his motion for leave to amend, Kevin Dyer stated,

"Darrell Dyer is a member of the first class granted standing to bring a wrongful death action on behalf of Keith Dyer, [and] no one else, including Kevin Dyer, has standing to bring a wrongful death action against defendants." Defendants agree that Kevin Dyer does not have standing. Because the basis for Kevin Dyer's motion for leave to amend is that he not in the statutory class of beneficiaries and lacks standing to bring the wrongful death claims, I will strike those paragraphs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Kevin Dyer's motion for leave to amend his complaint [#51] is **GRANTED.**

**IT IS FURTHER ORDERED** that paragraphs 78, 96 and 105 are stricken from the First Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss [#46] is **DENIED as moot**.

Dated this 11th Day of August, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE